### JAMES BAILEY *vs.* ORRIN S. CARVILLE.

*Arrest under R. S., c. 113, § 2. Action dismissed where the magistrate's certificate is defective.*

An arrest of a debtor, on mesne process, made under a creditor's sworn certificate which omits the word "his" in the statute phrase "of his own," is illegal. R. S., c. 113, § 2.

A motion duly made to dismiss the action because of the insufficiency of such certificate, will be sustained.

ON EXCEPTIONS to the ruling of Lane, late justice of the superior court.

DEBT on a judgment in favor of the plaintiff, as surviving partner of the late firm of James Bailey & Company, dissolved by the death of the other member, William Bailey. The defendant being only temporarily in this State, upon a visit, and about to return to his home in California, the plaintiff sued out the capias writ in this case, and procured the arrest of Mr. Carville upon it, by making oath that he had reason to believe and did believe the debtor was "about to depart and reside beyond the limits of this State with property or means of own," &c.; the certificate apparently conforming to all the requirements of R. S., c. 113, § 2, except in the omission of the pronoun "his" before the word "own." Upon the day after the entry of the action in court, the defendant

Bailey v. Carville.

moved to dismiss it upon the ground that this defective certificate did not justify the arrest of the defendant, and that, for that reason, there was no legal and sufficient service of the writ. Lane, J., overruled the motion and the defendant excepted.

*T. H. Haskell*, for the defendant.

*B. D. Verrill*, for the plaintiff.

DICKERSON, J. The provision of the statute for the arrest of a debtor on mesne process, at the instance of his creditor, is a proceeding *in invito*, contrary to common right, and must be strictly followed. Accordingly it was held in *Sargent et al. v. Roberts*, 52 Maine, 591, that an arrest of a debtor made upon the certificate of the creditor, which omitted the words "and take with him" (property or means as aforesaid,) was illegal. In that case the court says, "it is for the party making the arrest to comply in all respects with the requirements of the legislature." R. S., c. 113, § 2.

In the case at bar the certificate does not set forth that "the means" with which the debtor was about to depart and take with him were "his," as the statute requires it should do; nor does it contain language equivalent thereto. The omission in the certificate of the word "his," in the statute phrase "of his own," renders that phrase meaningless. The expression "of own" in the certificate gives no clue to the ownership of the "means." For aught that appears they may have belonged to the creditor, or some other person than the debtor. The whole phrase "of his own" might as well have been omitted as the word "his," since it is that word that fixes its meaning.

It is for the legislature to prescribe the conditions under which an arrest may be made, and for the creditor to follow it at his peril. It is not within the province of the court to interpolate words or phrases into a creditor's certificate, so as to make it conform to the requirements of the statute, or to give it a forced or unnatural construction to make it mean something contrary to

what its language imports, especially when the personal liberty of a citizen is imperilled.

The arrest made by the officer was illegal, and the motion to dismiss the action because of the insufficiency of the creditor's certificate, should have been sustained.

As our decision upon this point is fatal to the maintenance of the action, it is unnecessary to pass upon the other questions presented.                                   *Exceptions sustained.*
                                                         *Action to be dismissed.*

APPLETON, C. J., WALTON, DANFORTH and VIRGIN, JJ., concurred.